**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Leshawn Young, On Behalf of Herself and All Other Persons Similarly Situated, | |
| Plaintiffs, | DOCKET NO. 23-cv-10202 (JGLC) (GS) |
| - vs. – | |
| Hillsdale College, | |
| Defendant. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ....................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................... 2

LEGAL ARGUMENT ..................................................................................................................... 3

    I.     Plaintiff lacks standing to bring her ADA claim because she has failed to plead an injury in fact ....................................................................................................................... 3

    II.    The complaint should be dismissed for failing to state a claim upon which relief can be granted ........................................................................................................................ 13

    III.   Plaintiff has failed to establish standing or state a claim under the Rehabilitation Act. ..................................................................................................................................... 14

    IV.   Plaintiff's state and city law claims must be dismissed for the same reasons  as her ADA claim must be ........................................................................................................ 15

CONCLUSION ............................................................................................................................... 15

TABLE OF AUTHORITIES

Cases                                                                                                                    Pages

*Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2nd Cir. 2011) .......................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...........................................................................8, 13

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2nd Cir.2007) ................... 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)...........13

*Bernstein v. City of New York*, 621 F. App'x 56 (2nd Cir. 2015) ...................................... 7

*Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2nd Cir. 2022). ...........................1, 8, 9

*Camarillo v. Carrols Corp.*, 518 F.3d 153 (2nd Cir. 2008)............................................... 7

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ...............................................13

*Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 214, 142 S. Ct. 1562, 1565, 212 L. Ed. 2d 552, reh'g denied, 142 S. Ct. 2853, 213 L. Ed. 2d 1081 (2022). ...........................15

*Dominguez v. Athleta LLC*, 2021 WL 918314 (S.D.N.Y. Mar. 10, 2021) .......................7-8

*Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788 (S.D.N.Y. June 22, 2020). ........................ 7

*Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977 (S.D.N.Y. July 6, 2020) ........................ 7

*Feltzin v. Stone Equities, LLC*, 2018 WL 1115135 (E.D.N.Y. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018) ........................ 5

*Feltzin v. Triangle Properties #1, LLC*, 2016 WL 11599264 (E.D.N.Y. Dec. 15, 2016) ................ 5

*Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167 (2000)........................................................................................... 3

*Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154 (2nd Cir. 2013)................................. 7

*Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2nd Cir. 2022) .................................................. 6, 7

*Hennesssy by & through Hennessy v. Poetica Coffee Inc.*, 2022 WL 4095557 (E.D.N.Y. Sept. 7, 2022)........................................................... 8

*Jaquez v. Aqua Carpatica USA, Inc.*, 2021 WL 3727094 (S.D.N.Y. Aug. 20, 2021)........................ 6

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118 (2nd Cir. 2006) .......................................15-16

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2nd Cir. 2013) .............................................. 1, 6-7

ii

*Loadholt v. Dungarees, Inc.*, 2023 WL 2024792 (S.D.N.Y. Feb. 15, 2023) ........................................12

*Lujan v. Defenders of Wildlife*, 50 U.S. 555 (1992). .................................................................... 3

*Mendez v. Apple Inc.*, 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ........................................ 6

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2nd Cir. 2016) ........................................................ 7

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2nd Cir. 2000) .........................................15

*Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966 (S.D.N.Y. Sept. 3, 2019)...........................15

*Rendon v. Berry Global Inc.*, 2023 WL 3724795 (S.D.N.Y. May 30, 2023) ...............................12

*Small v. Gen. Nutrition Companies, Inc.,* 388 F. Supp. 2d 83 (E.D.N.Y. 2005) .................................. 7

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ...............................................3-4

*Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp. 3d 365 (S.D.N.Y. 2022) .........................11

*Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76 (S.D.N.Y. 2022)......................11-12

*Toro v. General Store, LLC*, 2023 WL 4624690 (S.D.N.Y. Jul. 19, 2023) ..........................................12

## Statues and Rules

28 U.S.C. § 1367(c) ......................................................................................................................15

29 U.S.C. § 794..........................................................................................................................14-15

Fed. R. Civ. P. 8 ...........................................................................................................................13

Fed. R. Civ. P. 12 ......................................................................................................................... 1

## **PRELIMINARY STATEMENT**

Plaintiff Lashawn Young asserts that a website associated with defendant Hillsdale College, www.hillsdalechargers.com, is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA"), and seeks injunctive relief under that statute. But plaintiff's complaint does not satisfy the constitutional requirement to plead an injury in fact, resulting in a lack of standing for her case, requiring that this case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Generally speaking, Title III of the ADA requires that public accommodations be reasonably accessible to the disabled. But because the only remedy under the ADA is injunctive relief, a plaintiff has standing to assert claims under the ADA only when she establishes that there is a likelihood of *future* injury. In 2013, the Second Circuit explained that this required a showing that, *inter alia*, the plaintiff intended to return to the business in question. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2nd Cir. 2013)  But after a cottage industry sprung up of filing cookie-cutter lawsuits against websites claiming that they were inaccessible to the visually impaired, the Second Circuit cracked down in 2022, holding that it was not enough to conclusorily assert an intent to return; plaintiffs had to plead facts to make that intent plausible. *Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2nd Cir. 2022)  In doing so, the Second Circuit identified some of the facts that could satisfy the pleading requirements.

In response, some plaintiffs, rather than curtailing the fill-in-the-blank "Mad-Libs-style" practices decried by the Second Circuit, simply treated the *Calcano* decision as adding an extra blank to be filled in when preparing their complaints. Ms. Young is one such

plaintiff,[1] and the complaint in this case exemplifies this approach. E extent Her complaint pleads virtually no facts that make her supposed intentions plausible, and thus she lacks standing to bring this suit. And because New York State and New York City Human Rights Laws claims are analyzed the same way as Americans with Disabilities Act claims, plaintiff's non-federal claims should be dismissed for the same reason.

Plaintiff also brings a claim under the Rehabilitation Act, but fails to allege what relief she is seeking under that act. To the extent she is seeking injunctive relief, the same standing arguments apply. To the extent she is seeking monetary damages, those are not available. And defendant is not covered by the Rehabilitation Act in any case.

## STATEMENT OF FACTS

Defendant Hillsdale is a Michigan-based college that — famously — accepts no federal funds. In addition to the main college website, Hillsdale has a separate website for its athletic program that provides information about its athletics and that plaintiff alleges sells college-related merchandize.[2]  Plaintiff alleges that she is a resident of the Bronx who is a visually impaired and legally blind individual with a qualifying disability under the Americans with Disabilities Act. She alleges that she uses specialized screen reading software to enable her to access information on the Internet.

---

[1] To be clear, defendant does not mean to imply that Ms. Young personally was a party to any of the consolidated cases involved in *Calcano*. But she is part of the same plaintiff ecosystem, and is actually represented by one of the plaintiff's attorneys from the *Calcano* cases.

[2] The link on that Hillsdale athletics website for merchandise sales actually leads to an external site — https://sideline.bsnsports.com — that sells merchandise for many schools, and it is not clear that Hillsdale has any responsibility for, or control over, this external link. However, that represents a factual question that is outside the scope of this motion; plaintiff's non-conclusory factual allegations (of which there are few) must be accepted as true at this time.

Plaintiff claims that on unspecified occasions, with the most recent one being August 24, 2023, she visited the website to purchase a Hillsdale Chargers UA Backpack and to view information on the website. However, when she did so, she allegedly encountered a handful of vaguely described virtual barriers (Complaint ¶¶ 34-36) that purportedly "denied [her] equal access" to the Website's "numerous goods, services and benefits" in some unspecified manner. Plaintiff conspicuously failed to offer any explanation of how those supposed website barriers *specifically* affected her.

## LEGAL ARGUMENT

I.     **Plaintiff lacks standing to bring her claims because she has failed to plead an injury in fact.**

This Court should dismiss Ms. Young's claims because she has not met her burden of showing that she has suffered the "injury in fact" required by Article III of the constitution. Here, Plaintiff bears the burden of establishing the elements of standing because she has invoked federal jurisdiction by bringing a claim under the ADA. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016)

In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167 , 180-81 (2000). "A harm is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 50 U.S. 555, 560 n.l (1992). An injury is "concrete" if it is "de facto"; that is, it must actually exist rather than being only "abstract." *Spokeo*, 36 S.Ct. at 1548. In *Spokeo*, the plaintiff brought a claim alleging

a technical violation of the Fair Credit Reporting Act, but asserted no injury beyond that violation. The Supreme Court held that a party does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549.

That fact pattern reappears in the instant case. Ms. Young alleges that Hillsdale's athletics website is not fully accessible to visually impaired individuals, but does not describe any "concrete and particularized" injury that she has suffered. She neither describes the barriers she supposedly encountered with any degree of specificity nor bothers to supply any explanation of how those things actually constituted barriers to her use of the website.

She states that she was "was denied a shopping and recreation experience similar to that of a sighted individual," as the result of "multiple access barriers," but describes those access barriers only in the vaguest of terms. There was the "lack of alt-text" that prevented screen readers from "vocalizing a description of the graphics," but she fails to specify which graphics she could not identify or where on the site they were. There were "empty links that contain no text" — but again, where or what these links supposedly were is undescribed. There were "redundant links" that "go to the same URL address," but which URL address this refers to is never identified. There were "linked images missing alt-text," which seems to repeat the first complaint, with the same lack of specificity. Many pages "contain the same title elements," but which pages and what titles are never named. And there were "a host of broken links," but she does not identify *any*. If all of this sounds generic and boilerplate, that is because it is. Ms. Young has made a habit of filing such minimalist lawsuits with similar or

identical non-specific claims.[3] Moreover, even ignoring the vague nature of those allegations, she fails to explain how those barriers actually injured her.

Specifically, there was an attempt by Ms. Young to access the website for mostly vague reasons, but she does not identify *where* she encountered any of the above "barriers" on the website, or when, or how these barriers impacted her. She does mention information about defendant's athletics teams, but she does not actually plead that she would use this information if she obtained it. A court is not required to "'credit a complaint's conclusory statements' when considering whether a plaintiff has alleged facts sufficient to support standing." *Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145-6 (2nd Cir. 2011). See also *Feltzin v. Stone Equities, LLC*, 2018 WL 1115135, at *10 (E.D.N.Y. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018)(dismissing for lack of standing where plaintiff alleges a series of ADA violations but does not explain how plaintiff interacted with and experienced those violations); *Feltzin v. Triangle Properties #1, LLC*, 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016)(dismissing for lack of standing because plaintiff's naked allegation that he personally encountered ADA violations "amounts to no more than a conclusory recitation of the legal elements of a direct injury under the ADA.")

---

[3] The Court can take judicial notice that PACER reflects that plaintiff has filed 48 identical cases in this district, containing identical lists of "barriers" supposedly encountered, including *Young v. Alpine Furniture, Inc.*, 22-cv-2899 (word-for-word exact same list of "barriers"); *Young v. Amerr Rugs, Inc.*, 22-cv-5947 (same); *Young v. KSK Private Label Holdings, Inc.*, 22-cv-2902 (same). And plaintiff's counsel in this case represents other purportedly visually impaired plaintiffs who also coincidentally encounter websites with identical lists of "access barriers." See, e.g., *Miller v. Lion Heart Autographs, Inc.*, 22-cv-697, *Roman vs. Greenwich Village Dental Arts PC et al.*, 21-cv-5939, *Graciano v. Dame Products Inc.*, 21-cv-7082, *Stevez vs. National Paralegal College*, 21-cv-8653, and hundreds of others.

And in an identical fact pattern, a court in this district this Court previously dismissed another case that suffered from the same flaws because it was brought by the same plaintiff's counsel. In *Jaquez v. Aqua Carpatica USA, Inc*., 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021), the court considered a complaint that contained the exact same list of generic barriers as in the instant case; the holding in that case was that there was not sufficient clarity in the pleading to establish an injury in fact. And in a remarkably similar case, a court in the Southern District dismissed a web accessibility complaint for lack of failure to plead an injury in fact. In *Mendez v. Apple Inc*., 2019 WL 2611168 at *1 (S.D.N.Y. Mar. 28, 2019), a plaintiff pleaded that she could not navigate Apple's website because of "1) "Lack of Alternative Text", 2) "Empty Links That Contain No Text", 3) "Redundant Links", and 4) "Linked Images Missing Alt-text." The *Mendez* court found this threadbare recitation of facts to be insufficient to establish an injury in fact under the ADA. "Those who live by the photocopier shall die by the photocopier. By failing specifically to assert any concrete injury, Plaintiff's claims fail as a matter of law." *Id.* at *4 And finding that the standard for standing under the NYCHRL is the same as under the ADA, the *Mendez* court found those to be inadequately pleaded as well. *Id. See also Harty v. W. Point Realty, Inc*., 28 F.4th 435, 444 (2nd Cir. 2022)(no standing when one pleads a deprivation of information without any allegations of what one intends to do with that information).

Ms. Young has failed to plead an injury-in-fact under the ADA in another way: lack of redressability. Because the only remedy under the ADA is injunctive relief, a plaintiff has standing only when she establishes, inter alia, that "it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff **intended to return** to the subject location." *Kreisler v. Second Ave. Diner*

*Corp.*, 731 F.3d 184, 187–88 (2nd Cir. 2013) (*citing Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2nd Cir. 2008) (*per curiam*)(emphasis added). That is because without the "real or immediate threat of injury," injunctive relief is not available. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2nd Cir. 2016).

      The plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access." *Small v. Gen. Nutrition Companies, Inc.,* 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005). As noted above, the Second Circuit has laid out several factors to consider. In the context of a website, "proximity" is not a meaningful concept, but plaintiff cannot simply assert vague claims that "in the future" the plaintiff intends to use the website to complete a transaction. *Harty v. W. Point Realty, Inc.*, 28 F.4th at 443-44 ("'[S]ome day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that Article III requires."); *Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977, at *2 (S.D.N.Y. July 6, 2020)(assertion of intent to return when alleged barriers have been rectified is insufficient.) Rather, to establish this factor, "[t]he plaintiff must allege specific facts that 'show a plausible intention or desire to return to the place but for the barriers to access.'" *Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788, at *3 (S.D.N.Y. June 22, 2020). See, e.g., *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2nd Cir. 2013) (pleading that one travels frequently does not show intent to return to a specific hotel); *Bernstein v. City of New York*, 621 F. App'x 56, 58–59 (2nd Cir. 2015)(alleging that one has visited Central Park many times in the past is not sufficient to show intent to return in the future); *Dominguez v. Athleta LLC*, 2021 WL 918314, at *3 (S.D.N.Y. Mar. 10, 2021)("indefinite" plan to return to store is

conclusory; furthermore, fact of filing "at least 24 nearly identical complaints against other retailers... undermines the sincerity of Plaintiff's alleged intent to return").

Moreover, in 2022, the Second Circuit addressed the very question of the required pleading standards (albeit in the context of gift cards). It explained that merely parroting the Second Circuit's language from *Kreisler*—proximity, being a past customer, intent to return—is really "nothing more than 'legal conclusion[s] couched as ... factual allegation[s].'" *Calcano v. Swarovski North America Limited*, 36 F.4th 68, 76 (2nd Cir. 2022). The Second Circuit *rejected* the idea that a court is required to accept vague assertions, and pointed out that to "nudge [plaintiffs'] claims 'across the line from conceivable to plausible,'" *Id.* at *5 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)) they needed to, e.g., provide details of past visits or the frequency of such visits (rather than just saying "on prior occasions"), explain what items they purchased in the past, why they want to purchase particular goods now, and why they would do so "immediately" when those goods became accessible. *Calcano*, 36 F.4th at 77. "[C]ourts in this circuit have recognized that *Calcano* raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Hennesssy by & through Hennessy v. Poetica Coffee Inc.*, 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022).

And yet, plaintiff here fails to clear that bar. For example, she does not plead a specific intent to return beyond "the moment that the access barriers are removed from the Website" (Complaint ¶ 33) — the same generic formulation routinely rejected by the courts in ADA cases. She does not plead past visits to the site before the one that prompted her to file the suit. She does not plead that she has ever bought anything from defendant before, or even that she has bought other college merchandise before, online or in person — let alone the

frequency with which she has done so — which would make it more plausible that she would be seeking to do such here. And more specifically, she does not actually plead that she is a fan of any of Hillsdale's athletics teams, that she follows any of Hillsdale's athletics teams, or that she has ever watched, listened to, or attended even one Hillsdale team's game, or that she intends to do so in the future.

Although — in an effort to superficially comply with *Calcano*'s strictures — she identifies a specific product she wanted to buy from defendant — a "Hillsdale Chargers UA Backpack" — she does not explain why she actually wants it, other than the conclusory statement that she "is a sports enthusiast and follows all types of different sports at every level, mainly including college sports." (Complaint ¶ 30). She also vaguely alludes to wanting to obtain "information relating to Defendant's athletics," (*Id*.) without explaining what she would do with this information.

Maybe in isolation these details would be sufficient to make an ordinary plaintiff's professed intent to revisit the website plausible enough to survive a motion to dismiss, but the need for more detail is particularly acute in the case of a serial plaintiff who simply files dozens of nearly identical lawsuits. In *Calcano*, the Second Circuit explained, "Third, we cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings. The four Plaintiffs before us filed eighty-one of over 200 essentially carbon-copy complaints between October and December 2019. All of the complaints use identical language to state the same conclusory allegations." *Calcano*, 36 F.4th at 77. In saying that, the Second Circuit did of course not rule that being a serial plaintiff automatically invalidates cases of this nature; it merely noted that "[t]his backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury." *Id.*

And the "broader context" here presents a similar backdrop of Mad-Libs complaints. In addition to defendant, PACER reflects that among her 48 website accessibility lawsuits filed, plaintiff has sued 14 other colleges and universities in this District over their websites.[4] Each of those suits allege identical facts, other than changing the product plaintiff wishes to buy. Eight of those suits were filed in November 2023, alleging that she had a sudden spree of visiting random college websites to buy merchandise on August 22 or August 24, 2023 (just as in the instant suit), while the other six were filed the last week in February 2024, alleging that she went on a second spree of visiting random college websites to buy merchandise on January 27, 2024. The following chart summarizes those suits:

| Defendant | Docket# | Product of Purported Interest |
| --- | --- | --- |
| The Benedict College | 23-cv-10037 | Benedict Stadium chair bleacher Seat |
| Erskine College | 23-cv-10038 | Erskine black fleece hoodie |
| Florida Southern College | 23-cv-10039 | Florida Southern Moccasins Stack Garment Dyed Long Sleeve T-Shirt |
| Lane College | 23-cv-10108 | Stadium chair bleacher seat |
| Lewis University | 23-cv-10109 | Lewis Flyers full zip jacket |
| Morehouse College, Inc. | 23-cv-10110 | Morehouse College tote bag |
| Harding University, Inc. | 23-cv-10201 | Harding Bison Oatmeal Shirt |
| Hillsdale College | 23-cv-10202 | Hillsdale Chargers UA Backpack |
| University Of Sioux Falls | 24-cv-01497 | USF Under Armour F23 Gameday Tech Terry Hoodie |
| Upper Iowa University | 24-cv-01498 | UIU Women's Heather Contender polo |
| West Virginia Wesleyan Coll. | 24-cv-01499 | WVWC Champion Women's Tee |
| American International Coll. | 24-cv-01561 | AIC Bella Canvas Women's Sponge Fleece Cropped Fleece Hoodie |
| Ferrum College | 24-cv-01562 | Ferrum Sherpa Lined Stadium Jacket |
| Westminster University | 24-cv-01564 | Westminster College Creator long sleeve Tee |
| The Defiance College | 24-cv-01743 | Defiance College Yellow Jackets Women's pants-leggings |

Needless to say, that is a rather eclectic collection of schools for a plaintiff to develop a sudden interest in their respective athletic programs. There is no geographic consistency; no

---

[4] The Court can take judicial notice that the suits were filed, and what the complaints allege, though not, of course, that they are factually accurate. *Loadholt v. Dungarees, Inc.,* 2023 WL 2024792, at *1 n.3 (S.D.N.Y. Feb. 15, 2023).

commonality in the type of school (for example, sectarian vs. non-sectarian, historically black or not, etc.); they play in different athletic conferences at different levels (Division II or Division III, for instance). One need not be an avid NCAA fan to realize that none of these schools are nationally known for their athletics programs. And yet for each and every one of them, plaintiff alleges using the exact same language nothing more than that she "is a sports enthusiast and follows all types of different sports at every level, mainly including college sports." She pleads no connection to *any* of the schools — much less Hillsdale itself, as noted *supra* — and gives no reason why she wants the specific items she selected from any of the schools' websites. Nor does she explain why she would "immediately" rush to purchase each of those items if the purportedly-inaccessible sites were made accessible. Defendant submits that — as in *Calcano* — this pattern reflects a lack of plausibility, and that all of these issues are fair game for the Court's initial inquiry; indeed, in *Calcano*, the Second Circuit examined details of plaintiffs' alleged plans — the addresses of the businesses that plaintiffs claimed to want to patronize as compared to plaintiffs' residences, and the products plaintiffs wanted to buy as compared to what the businesses actually sold — rather than accepting at face value a conclusory claim that plaintiff wanted to patronize the business in the future.

Applying *Calcano* and other precedents in a strikingly similar situation, Judge Caproni *sua sponte* raised the issue of standing and initially concluded that the plaintiff's bare bones pleadings "likely" did not establish Article III jurisdiction. *Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp. 3d 365, 370 (S.D.N.Y. 2022)(failure to allege any facts about past visits or specifics of future intentions or any reason to believe plaintiff had any interest in patronizing *that particular vendor* prevented court from plausibly concluding an intent to return); *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 82 (S.D.N.Y. 2022)(simply naming

a product without explaining why plaintiff wanted to patronize a particular company "le[ft] the Court questioning whether he, in fact, ever had or now has a particularized desire to purchase Moo Organic's chocolate or just a particularized desire to sue Moo Organic.)

Other courts in this district have also interpreted *Calcano* as providing meaningful limitations on cases of this nature.  See *Rendon v. Berry Global Inc.*, 2023 WL 3724795 at *4 (S.D.N.Y. May 30, 2023) (finding lack of standing where plaintiffs provided no detail about past visits or their frequency, specify what information they hoped to learn, explain how the barriers prevented them from accomplishing their goals on the website, or why they wish to return as soon as barriers are lifted); *Toro v. General Store, LLC*, 2023 WL 4624690 at *3 (S.D.N.Y. Jul. 19, 2023)(single visit to website only a short while before filing lawsuit raises serious questions about plausibility of intent to return); *Loadholt v. Dungarees, Inc.*, 2023 WL 2024792, at *3 (S.D.N.Y. Feb. 15, 2023)(dismissal for lack of standing where plaintiff failed to explain "sudden need or want" for the product in question).

 A similar fact pattern reappears here: Plaintiff treats the *Calcano* holding not as stating a substantive requirement of constitutional standing, but instead as requiring a few "magic words": the Second Circuit noted with disapproval that the relevant plaintiffs there did not identify what products they wished to purchase, so plaintiff herein identifies a product that defendant sells and claims that she is interested in purchasing it from defendant's website. But perfunctorily reciting that does not make it *plausible* that plaintiff actually intends to do so. Nothing in the complaint proves that plaintiff would *not* visit defendant's website in the future. But the burden is on the plaintiff to affirmatively establish that it is plausible that she would. The mere conclusory statements offered by plaintiff do not push her complaint across the line from possible to plausible. They are just generic

statements which parrot the legal standard without supplying any meaningful information,[5] and should not entitle plaintiff to unlock the doors of discovery. *Iqbal*, 556 U.S. at 678.

## II.     The complaint should be dismissed for failing to state a claim upon which relief can be granted.

Even if plaintiff's bare-bones allegations were sufficient to establish *standing*, the complaint should be dismissed for failing to adequately plead grounds for relief. Fed. R. Civ. P. 8(a)(2), requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to `give the Defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (ellipsis in original). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must provide the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2nd Cir.2007) (*citing Twombly*, 127 S.Ct. at 1965). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (2009). "The plausibility standard... asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id*. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id*.

---

[5] As noted *supra* in Footnote 1, plaintiff has filed 48 cases of this nature in this district. And all of them contain nearly identical conclusory language regarding plaintiff's intent to return to the business. ("The Plaintiff intends to immediately revisit the Website ... [as soon as/the moment that] the access barriers are removed from the Website.")

And yet, as described above, all Ms. Young's complaint offers is conclusions. She visited the Hillsdale athletics website on one (or maybe multiple) occasion in the past, and encountered issues with the website — which might or might not have been barriers — at unspecified locations: "empty links," "redundant links," "lack of alt text," duplicate "title attributes," "broken links," etc. But not a single one of these barriers is actually identified, nor is any explanation provided for how these barriers affected her personally, or how they are likely to do so in the future. This is far less specific than the pleadings that the Second Circuit found insufficient in *Calcano*, 36 F.4th at 77.

To be sure, before *Calcano* some courts found that even such vague descriptions of website problems could be sufficient, in the context of a motion to dismiss, to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. While defendant would dispute that assessment even under ordinary circumstances, defendant respectfully suggests that this Court should look at these sorts of vague allegations with an even more jaundiced eye in the context of a serial ADA plaintiff who offers the same word-for-word allegations about dozens of different defendants.

### III.    Plaintiff has failed to establish standing or state a claim under the Rehabilitation Act.

Plaintiff also asserts a parallel claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794. It is not entirely clear what relief plaintiff seeks under that law; although she mentions in passing both injunctive relief and damages in her Third Cause of Action, the Complaint's actual prayer for relief does not mention the Rehabilitation Act at all.

To the extent that plaintiff seeks injunctive relief, her claim falls for the same reason that her claims for injunctive relief under the ADA fail: without anything that plausibly establishes her intent to return to defendant's website, she has no standing to obtain

injunctive relief. To the extent that plaintiff seeks damages for past injuries, her claim falls because the Rehabilitation Act does not permit a private party to recover damages for emotional distress suffered for alleged violations of the statute. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 214, 142 S. Ct. 1562, 1565, 212 L. Ed. 2d 552, reh'g denied, 142 S. Ct. 2853, 213 L. Ed. 2d 1081 (2022). (To be sure, plaintiff's complaint does not expressly use the term "emotional distress," but she pleads no other type of damages either, and it is hard to imagine what kind of other damages she could claim to have suffered from an inability to purchase a Hillsdale University backpack.)

In any case, the Rehabilitation Act only applies to programs that receive federal financial assistance. 29 U.S.C. § 794(a). But notwithstanding the cookie cutter assertion in plaintiff's complaint that "Defendant receives Federal financial assistance," (Complaint, ¶ 83), Hillsdale, famously, does *not* accept federal funds — something which plaintiff, if she had done any investigation before bringing her claims, should have discovered.

## IV.    Plaintiff's state and city law claims must be dismissed for the same reasons as her ADA claim must be.

In general, disability discrimination claims under the parallel state and city disability discrimination laws are evaluated under the same standards as the ADA. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n.1 (2nd Cir. 2000); *Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019)(failure to state a claim under the ADA means that NYSHRL and NYSCRL claims also fail.) Alternatively, having dismissed plaintiff's only federal claims in this case, this Court should decline to exercise supplemental jurisdiction over plaintiff's state and city law claims and dismiss them pursuant to 28 U.S.C. § 1367(c). *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2nd Cir. 2006) (in the usual case in

which all federal-law claims are eliminated before trial, courts should decline jurisdiction over the non-federal claims).

## <u>CONCLUSION</u>

The Second Circuit has expressly held that plaintiffs have to plead specific facts, rather than just boilerplate cut-and-paste complaints, in order to have Article III standing to assert claims for injunctive relief under Title III of the Americans with Disabilities Act.  The same is true with respect to the Rehabilitation Act as well as the state and city claims under which plaintiff proceeds.  Ms. Young did not do so, and almost certainly cannot do so, and so her case should be dismissed.

Respectfully submitted,

By:

David Stein

Dated: April 12, 2024

16